**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JEREMY JAMES CROCK,**

      **Petitioner,**

v.                                                **Civil action no. 3:05cv17**
                                                     **Criminal action no. 3:02cr64-6**
                                                     **(Judge Broadwater)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On March 14, 2005, the petitioner, through counsel, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody in which he alleges that his sentence is unconstitutional in light of United States v. Booker[1]. On October 28, 2005, the United States filed its Response. This matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.15, is ripe for review.

### II. FACTS

**A. Conviction and Sentence**

On April 9, 2003, the petitioner signed a plea agreement in which he agreed to plead guilty to Count Three of the Superceding Indictment, charging him with distribution of heroin, in violation of Title 21, United State Code, §§ 841(a)(1) and 841(b)(1)C). In the plea agreement, the parties stipulated to total drug relevant conduct of 16.25 grams of cocaine hydrochloride and 2,361.157

---

[1] 543 U.S. 220 (2005)

grams of heroin ( a total marijuana equivalency of 2,364.407 kilograms of marijuana). Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence. On that same date, April 9, 2003, the petitioner entered his plea in open court. On April 9, 2004 the Court sentenced the petitioner to seventy-eight months imprisonment, and the Judgment and Conviction order was entered on April 22, 2004.

**B. Appeal**

The petitioner did not pursue a direct appeal.

**C. Federal Habeas Corpus**

The petitioner asserts that the District Court's application of the federal sentencing guidelines, in determining his statutorily mandated sentencing guideline range, violates the holding issued in Booker, supra. He requests that this court enter an order amending his existing guideline sentence of seventy-eight months to a sentence of time served plus probation.

**D. Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the Court's docket.

### III. ANALYSIS

Petitioner is seeking to have his sentence vacated and to be resentenced based upon the holdings in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 542 U.S. 220 (2005). Blakely, as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000),[2] holds that the imposition of sentencing enhancement, which was based solely on the sentencing court's factual

---

[2]The decision in Apprendi, establishes that "[0]ther than the facts of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

2

findings, violates the defendant's Sixth Amendment rights because the facts supporting the findings were neither admitted nor found by a jury. In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

Although the Court held in Booker that its decision applies to all cases on direct appeal, it did not address whether its decision applied to cases on collateral review. However, the Fourth Circuit has determined that it does not apply retroactively.[3] In this particular case, the petitioner's judgment and conviction order was entered on April 22, 2004. No notice of appeal was entered, and therefore, petitioner's conviction became final on May 3, 2004, when the ten day period for filing a notice of appeal elapsed. Because the petitioner's conviction became final prior to the issuance of the Booker decision on January 12, 2005, the petitioner is not entitled to have said decision applied retroactively to his sentence and his motion should be dismissed.

## V. RECOMMENDATION

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's §2255 motion.

---

[3] The Fourth Circuit Court's decision in United States v. Morris, 429 F.3d 65 (2005) notes that its decision that Booker does not apply retroactively to cases on collateral review, is in conformity with nine circuit courts of appeals that have considered the issue.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel for the petitioner and the United States Attorney for the Northern District of West Virginia, as provided in ths Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia..


Dated: March 14, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE